UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARQUIS MARISCAL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FAST RESPONDER TOWING LLC, d/b/a JLS TOWING, and SUMMER SETTLE,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-CV-1916-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Summer Settle's Motion to Dismiss. (Doc. 13). Having considered the motion, response, and applicable law, the Court **DENIES** the Motion.

## I. Background

This is a Fair Labor Standards Act case and proposed collective action. Plaintiff Marquis Mariscal is a tow truck driver and former employee of Fast Responder Towing LLC d/b/a JLS Towing. Mariscal alleges that Defendants JLS Towing and Summer Settle never paid him time-and-one half overtime for weeks when he worked more than forty hours in a workweek.

Instead, Mariscal alleges that JLS Towing paid Mariscal and other tow truck drivers a set amount for each vehicle they transported, regardless of the number of hours worked. Mariscal further alleges that Settle directs, actively operates, and has

the decisionmaking power over matters of employment with JLS Towing, including decisions regarding Mariscal's pay.

Settle filed a motion to dismiss Mariscal's claims against her, arguing that she is fully protected by the corporate veil as President of JLS Towing. Mariscal responded, and the motion is ripe for decision.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the

---

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

complaint as true.[6] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

## III. Analysis

Mariscal alleged sufficient facts to state a Fair Labor Standards Act claim against Settle. The Act defines "[e]mployer" as, "any person acting directly or indirectly in the interest of an employer in relation to an employee."[8] And the Act's definition of "person" includes individuals, partnerships, and corporations.[9] So the Act contemplates employer liability for individuals.

Courts apply a "multi-factor test to decide whether the officer has 'operational control' of a corporation's workers" to analyze a corporate officer's personal liability under the Act.[10] Corporate officers with "operational control of a corporation's covered enterprise" may be considered "an employer along with the corporation, jointly and severally liable under the [Act] for unpaid wages."[11] But the mere status as a corporate officer who participates in joint decisions for the corporation does not subject an individual to Fair Labor Standards Act liability.[12]

---

[6] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

[8] 29 U.S.C. § 203(d).

[9] 29 U.S.C. § 203(a).

[10] *Steele v. Drebco Directional, LLC*, 833 F. Supp. 3d 640, 649 (E.D. Tex. 2026) (collecting cases) (cleaned up).

[11] *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (cleaned up).

[12] *See Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) ("[The defendant's] participation in a joint decision with co-owners of PEG proves nothing about whether [the defendant] had the authority individually to control employment terms of lower-level employees.").

Settle's only argument for dismissal is that she is fully protected by the corporate veil under Texas Business Organizations Code section 101.114.[13] While some district courts question the current Fifth Circuit test based on the Fair Labor Standard Act's text, context, and propensity to displace fundamental state law on matters of corporate liability,[14] Fifth Circuit caselaw currently forecloses her argument.[15] So the only question is whether Mariscal pled that Settle has "operational control" over JLS Towing's workers.[16]

Here, Mariscal alleges that Settle directs, actively operates, and has the decisionmaking power over matters of Mariscal's employment with JLS Towing.[17] Accordingly, Mariscal sufficiently pled that Settle has operational control over the workers at JLS Towing. So Mariscal sufficiently alleged that Settle is an employer under the Act. Accordingly, the Court **DENIES** Settle's Motion to Dismiss.

## IV. Conclusion

Because Mariscal sufficiently alleged that Settle is an employer under the Fair Labor Standards Act, the Court **DENIES** Settle's Motion to Dismiss.

**IT IS SO ORDERED** this 31st day of August, 2026.

---

[13] Doc 13 at 1. This section says "a *member* or manager is not liable for debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment decree, or order of the court." TEX. BUS. ORGS. CODE § 101.114.

[14] *See Steele*, 833 F. Supp. 3d at 643–52. The Court agrees that "[c]ourts would benefit from appellate clarification on whether the [Act] does indeed displace established state-law principles on the personal liability of corporate officers and owners for corporate obligations." *Id.* at 652.

[15] *Steele*, 833 F. Supp. 3d at 649 (citing *Gray*, 673 F.3d at 355).

[16] *Id.* at 649 (collecting cases); *Donovan*, 747 F.2d at 972.

[17] Doc 8 at ¶¶ 18–22.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE